## MAHANEY v. BELL.

1. **Verdict**: CONFLICT OF EVIDENCE: PRACTICE. A verdict will not be set aside on the ground that it is not sustained by the evidence, where there was a conflict of testimony, and the court below, after opportunity of observing the demeanor of the witnesses, overruled a motion for a new trial.

*Appeal from Benton Circuit Court.*

WEDNESDAY, MARCH 22.

ACTION to recover the price and value of a certain mare that was killed by a team belonging to the defendant running

away and against said mare. Trial by jury. Verdict for plaintiff, and defendant appeals.

*Rumple & Lake*, for appellant.

*J. Lynch*, for appellee.

SEEVERS, CH. J.—No exceptions were taken to the instructions, and the only error assigned that is relied on in the argument for the defendant is, that the verdict is contrary to the evidence. The main question litigated was, whether the defendant took such care of his team as an ordinarily prudent and careful man would, under the circumstances, to prevent its running away. There was no other disputed question before the jury, except as to the value of the mare killed. There was a motion for a new trial in the Circuit Court, on the same ground as is now urged here, which was overruled. If the jury believed the witnesses for the plaintiff, and disbelieved those for the defendant, then the verdict is right. We, however, confess we do not see why they should have done so. If the witnesses were equally credible, then the verdict is wrong. Inasmuch as the court below had an opportunity of seeing these witnesses and observing their demeanor on the stand, we must presume that the motion for a new trial was overruled for the reason that the court disbelieved the witnesses on the part of the defendant. Upon no other reasonable hypothesis can the action of the court be sustained.

There being a conflict in the testimony, and the court below being conversant with the demeanor of the witnesses, and having refused to set aside the verdict, we cannot, under the numerous decisions of this court, interfere and reverse the action of the court below.

AFFIRMED.